IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>Plaintiff,<br><br>v.<br><br>CABLEVISION SYSTEMS CORPORATION, and CSC HOLDINGS, INC.<br><br>Defendants. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

For its complaint plaintiff Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, alleges as follows:

### THE PARTIES

1. Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

2. Defendant Cablevision Systems Corporation is a corporation organized under the laws of the State of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, NY 11714.

3. Defendant CSC Holdings, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, NY 11714

### JURISDICTION AND VENUE

4. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S C. §§ 1331 and 1338(a).

6. Because Defendants are incorporated in this district, this Court has personal jurisdiction over Defendants.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

8. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-7 of this Complaint.

9. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent.") (Exhibit A).

10. The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

11. Defendants are operators of cable television systems throughout the United States.

12. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '627 patent by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

13. Upon information and belief, Defendants will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and

will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,852,631

14. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-13 of this Complaint.

15. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" ("the '631 patent.") (Exhibit B).

16. The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

17. Defendants are operators of cable systems and providers of Internet service throughout the United States.

18. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '631 patent by providing high speed internet service to subscribers.

19. Upon information and belief, Defendants will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## **COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,719,858**

20. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-19 of this Complaint.

21. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Buses" ("the '858 patent.") (Exhibit C).

22. The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

23. Defendants are operators of cable systems and providers of Internet service throughout the United States.

24. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '858 patent by their provision of high speed internet services, including such services as Voice over IP (VoIP), to subscribers.

25. Upon information and belief, Defendants will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S. C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 4,937,819

26. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

27. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" ("the '819 patent.") (Exhibit D).

28. The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

29. Defendants are operators of cable systems and providers of Internet service throughout the United States.

30. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States.  For example, Defendants have infringed and continue to infringe the '819 patent by their provision of high speed internet services, such as Voice over IP (VoIP) services, to cable television subscribers.

31. Upon information and belief, Defendants will continue to infringe the '819 patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 5,008,903

32. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-31 of this Complaint.

33. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,008,903, entitled "Adaptive Transmit Pre-Emphasis For Digital Modem Computed From Noise Spectrum" ("the '903 patent.") (Exhibit E).

34. The '903 patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 1991.

35. Defendants are operators of cable systems and providers of Internet service throughout the United States.

36. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '903 patent by practicing or causing others to practice (by inducement and/or contributorily) the inventions claimed in the '903 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '903 patent by providing high speed internet service to subscribers.

37. Upon information and belief, Defendants will continue to infringe the '903 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Defendants for the following:

(1) A decree that the Defendants have infringed the patents-in-suit;

6

(2)     A permanent injunction enjoining and restraining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(3)     An award of damages;

(4)     An award of increased damages pursuant to 35 U.S.C. § 284;

(5)     An award of all costs of this action, including attorneys' fees and interest; and

(6)     Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

/s/ Kevin M. Baird
George Pazuniak (# 478)
Gerard M. O'Rourke (# 3265)
Kevin M. Baird (# 4219)
James M. Lennon (#4570)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel: (302) 252-4320
Fax: (302) 661-7722

*Counsel for Plaintiff Rembrandt Technologies, LP*

Dated: October 13, 2006