IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP <br><br> Plaintiff, <br><br> v. <br><br> CABLEVISION SYSTEMS CORPORATION, and CSC HOLDINGS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 06-635-GMS ) ) ) JURY TRIAL DEMANDED ) ) ) |

## ANSWER AND COUNTERCLAIMS OF CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, INC.

Defendants Cablevision Systems Corporation and CSC Holdings, Inc. (collectively "Cablevision"), by their attorneys, answer the Complaint and assert Counterclaims as follows:

### THE PARTIES

1.  Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 1 of the Complaint, and therefore denies these allegations.

2.  Cablevision admits that Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

3.  Cablevision admits that CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

### JURISDICTION AND VENUE

4.  Cablevision admits that the Complaint purports to bring an action for patent infringement arising under the Patent Laws of the United States, but Cablevision denies the legal

sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

5.  Cablevision admits that this Court has subject matter jurisdiction over patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a), but otherwise denies the allegations of Paragraph 5 of the Complaint.

6.  Cablevision admits that it is subject to personal jurisdiction in this District, but denies the legal sufficiency of Plaintiff's claims and allegations.

7.  Cablevision admits that venue is proper in this District, but denies the legal sufficiency of Plaintiff's claims and allegations.

### COUNT I

8.  Cablevision incorporates its responses to Paragraphs 1-7 of the Complaint as if fully set forth herein.

9.  Cablevision admits that U.S. Patent No. 5,243,627 is entitled "Signal Point Interleaving Technique," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 9 of the Complaint, and therefore denies these allegations.

10. Cablevision admits that the '627 patent on its face indicates that it was issued by the United States Patent and Trademark Office on September 7, 1993, but otherwise denies the allegations of Paragraph 10 of the Complaint.

11. Cablevision admits that Cablevision operates cable systems in Connecticut, New York, and New Jersey, but otherwise denies the allegations of Paragraph 11 of the Complaint.

12. Cablevision denies the allegations of Paragraph 12 of the Complaint.

13. Cablevision denies the allegations of Paragraph 13 of the Complaint.

## COUNT II

14. Cablevision incorporates its responses to Paragraphs 1-13 of the Complaint as if fully set forth herein.

15. Cablevision admits that U.S. Patent No. 5,852,631 is entitled "System And Method For Establishing Link Layer Parameters Based On Physical Layer Modulation," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15 of the Complaint, and therefore denies these allegations.

16. Cablevision admits that the '631 patent on its face indicates that it was issued by the United States Patent and Trademark Office on December 22, 1998, but otherwise denies the allegations of Paragraph 16 of the Complaint.

17. Cablevision admits that Cablevision operates cable systems and provides Internet service in Connecticut, New York, and New Jersey, but otherwise denies the allegations of Paragraph 17 of the Complaint.

18. Cablevision denies the allegations of Paragraph 18 of the Complaint.

19. Cablevision denies the allegations of Paragraph 19 of the Complaint.

## COUNT III

20. Cablevision incorporates its responses to Paragraphs 1-19 of the Complaint as if fully set forth herein.

21. Cablevision admits that U.S. Patent No. 5,719,858 is entitled "Time-Division Multiple-Access Method For Packet Transmission On Shared Synchronous Serial Buses," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 21 of the Complaint, and therefore denies these allegations.

22. Cablevision admits that the '858 patent on its face indicates that it was issued by the United States Patent and Trademark Office on February 17, 1998, but otherwise denies the allegations of Paragraph 22 of the Complaint.

23. Cablevision admits that Cablevision operates cable systems and provides Internet service in Connecticut, New York, and New Jersey, but otherwise denies the allegations of Paragraph 23 of the Complaint.

24. Cablevision denies the allegations of Paragraph 24 of the Complaint.

25. Cablevision denies the allegations of Paragraph 25 of the Complaint.

## COUNT IV

26. Cablevision incorporates its responses to Paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Cablevision admits that U.S. Patent No. 4,937,819 is entitled "Time Orthogonal Multiple Virtual DCE For Use In Analog And Digital Networks," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 27 of the Complaint, and therefore denies these allegations.

28. Cablevision admits that the '819 patent on its face indicates that it was issued by the United States Patent and Trademark Office on June 26, 1990, but otherwise denies the allegations of Paragraph 28 of the Complaint.

29. Cablevision admits that Cablevision operates cable systems and provides Internet service in Connecticut, New York, and New Jersey, but otherwise denies the allegations of Paragraph 29 of the Complaint.

30. Cablevision denies the allegations of Paragraph 30 of the Complaint.

31. Cablevision denies the allegations of Paragraph 31 of the Complaint.

## COUNT V

32. Cablevision incorporates its responses to Paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Cablevision admits that U.S. Patent No. 5,008,903 is entitled "Adaptive Transmit Pre-Emphasis For Digital Modem Computed From Noise Spectrum," but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 33 of the Complaint, and therefore denies these allegations.

34. Cablevision admits that the '903 patent on its face indicates that it was issued by the United States Patent and Trademark Office on April 16, 1991, but otherwise denies the allegations of Paragraph 34 of the Complaint.

35. Cablevision admits that Cablevision operates cable systems and provides Internet service in Connecticut, New York, and New Jersey, but otherwise denies the allegations of Paragraph 35 of the Complaint.

36. Cablevision denies the allegations of Paragraph 36 of the Complaint.

37. Cablevision denies the allegations of Paragraph 37 of the Complaint.

## DEFENSES

38. Further answering the Complaint and as additional defenses thereto, Cablevision asserts the following defenses:

## FIRST DEFENSE

39. Cablevision has not infringed and does not infringe any valid claim of the '627, '631, '819, '858, or '903 patents directly or indirectly.

## SECOND DEFENSE

40. Each claim of the '627, '631, '819, '858, and '903 patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE

41. Prosecution history estoppel applies to preclude Plaintiff from maintaining that any claim of the '627, '631, '819, '858, or '903 patents covers any of the accused systems operated by Cablevision.

## FOURTH DEFENSE

42. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

43. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## SIXTH DEFENSE

44. Plaintiff's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

## SEVENTH DEFENSE

45. To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this action, the claims are barred by the statute of limitations pursuant to 35 U.S.C. § 286.

## EIGHTH DEFENSE

46. To the extent Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents to Cablevision, its claims are barred pursuant to 35 U.S.C. § 287(a).

## NINTH DEFENSE

47. Plaintiff's claims are barred in whole or in part because Plaintiff has engaged in patent misuse.

## TENTH DEFENSE

48. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE

49. Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

## TWELFTH DEFENSE

50. Plaintiff has failed to state a claim upon which relief may be granted.

## COUNTERCLAIMS

51. Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

52. CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

53. Upon information and belief, Rembrandt Technologies, LP is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 19004.

54. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

55. Venue is proper under 28 U.S.C. § 1391 and 1400(b).

56.    Plaintiff has asserted that Cablevision infringes the '627, '631, '819, '858, and '903 patents (collectively "the patents-in-suit"). An actual controversy exists between Plaintiff and Cablevision over the alleged infringement, invalidity, and unenforceability of the '627, '631, '819, '858, and '903 patents

### FIRST COUNTERCLAIM

57.    Cablevision incorporates and realleges Paragraphs 1 through 56 as though fully set forth herein.

58.    Cablevision has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '627, '631, '819, '858, or '903 patents, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM

59.    Cablevision incorporates and realleges Paragraphs 1 through 58 as though fully set forth herein.

60.    The '627, '631, '819, '858, and '903 patents are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### DEMAND FOR A JURY TRIAL

Cablevision demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all counterclaims and as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, Cablevision respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order declaring that Plaintiff, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint.

b. A declaration that Cablevision does not infringe any of the '627, '631, '819, '858, and '903 patents;

c. A declaration that the '627, '631, '819, '858, and '903 patents are invalid;

d. An order declaring that this is an exceptional case and awarding Cablevision its costs, expenses, reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

e. Any such other relief as the Court may deem appropriate and just under the circumstances.

OF COUNSEL:

Josh A. Krevitt
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
(212) 351-4000

Dated: November 1, 2006

*Kelly E. Farnan* (signature)
Frederick L. Cottrell, III (#2555)
Cottrell@RLF.com
Kelly E. Farnan (#4395)
Farnan@RLF.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendants Cablevision Systems Corporation and CSC Holdings, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 1, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the address and in the manner indicated below:

**BY HAND DELIVERY:**

Kevin M. Baird
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

*Kelly E. Farnan*
Kelly E. Farnan (#4395)
Farnan@rlf.com

RLF1-3077238-1