# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>    Plaintiff,<br><br>    v.<br><br>CABLEVISION SYSTEMS CORPORATION,<br>and CSC HOLDINGS, INC.<br><br>    Defendants. | C.A. No. 06-635-GMS |

## JOINT STATUS REPORT

In accordance with the Court's Notice of Scheduling Conference, dated January 31, 2007 (D.I. 15), counsel for Rembrandt Technologies, LP ("Rembrandt") and counsel for Cablevision Systems Corporation, and CSC Holdings, Inc. ("Cablevision") submit this Joint Status Report in preparation for the Status and Scheduling Conference before the Court on February 13, 2007. Attached for the Court's consideration is a chart summarizing the parties' proposed schedule for this action. (Exhibit A).

**1. JURISDICTION AND SERVICE**

The parties agree that this Court has jurisdiction over the subject matter of, and the parties to, this action and that the defendants have been properly served.

**2. SUBSTANCE OF THE ACTION**

    **(a)    The Parties' Claims and Defenses**

Plaintiff Rembrandt brought this action against Cablevision alleging infringement of U.S. Patent Nos. 5,243,627 ("the '627 patent"); 5,852,631 ("the '631 patent"); 5,719,858 ("the '858 patent"); 4,937,819 ("the '819 patent"); and 5,008,903 ("the '903 patent") (collectively "the Rembrandt patents"). Rembrandt alleges that Cablevision, by their provision of high speed internet and related services to cable television subscribers, has infringed and continues to infringe the '631, '858, '819, and '903 patents. Rembrandt also alleges that Cablevision, by

their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard, has infringed and continues to infringe the '627 patent. Rembrandt further alleges that Cablevision's infringement of the Rembrandt patents has been willful and seeks monetary and other damages it has incurred as a result of Cablevision's willful infringement of the Rembrandt patents. Rembrandt also seeks the entry of a permanent injunction enjoining Cablevision's continued infringement of the Rembrandt patents.

Cablevision denies that it infringes any of the above five patents and further asserts that those patents are invalid and/or unenforceable. Cablevision has brought counterclaims seeking declarations of non-infringement and/or invalidity and/or unenforceability with respect to each of Rembrandt's patents. In the event that Cablevision is found to infringe any valid and enforceable claim of Rembrandt's patents, however, Cablevision submits that Rembrandt will be unable to satisfy the standards recently articulated by the Supreme Court in *eBay Inc. v. MercExchange L.L.C.*, 126 S. Ct. 1837 (2006), for injunctive relief.

### (b) The Patents and Products In Suit

The titles of the patents-in-suit and the areas of technology to which they pertain (as described in the "Field of the Invention" sections of the patents) are:

- The '627 patent - Signal point interleaving technique - "The present invention relates to the transmission of digital data over band-limited channels."

- The '631 patent - System and method for establishing link layer parameters based on physical layer modulation - "The present invention generally relates to data communication protocols, and more particularly, to presetting the link layer parameters per the physical layer modulation in a protocol stack for modems."

- The '858 patent - Time-division multiple-access method for packet transmission on shared synchronous serial buses - "The present invention relates to data communications, and more particularly, to communications systems that have channelized network access, and may transport both synchronous data and variable-bit-rate data such as frame relay (hereafter referred to as packet data), in a time-division multiplexed format."

- The '819 patent - Time orthogonal multiple virtual dce for use in analog and digital networks - "This invention relates to an apparatus and method for a master unit in a multidrop network to communicate to and from a plurality of remote units, using a plurality of host applications using half duplex polled protocols, through the use of time division multiple access techniques."

- The '903 patent - Adaptive transmit pre-emphasis for digital modem computed from noise spectrum - "This invention relates to an apparatus for determining a frequency-dependent signal-to-noise ratio in a communications network so as to allow proper equalization in a transmit pre-emphasis mode."

For each of the patents, there may be multiple products in dispute relating to Cablevision's provision of digital television, voice, and data services. Further, two separate standards, "ATSC" and "DOCSIS," are likely to be implicated by Rembrandt's claims. ATSC ("Advance Television System Committee") is a standard that relates to the receipt and broadcast of digital television signals. Rembrandt's Complaint alleges that the Cablevision infringes the '627 patent through its receipt and retransmission of signals that comply with the ATSC standard. DOCSIS ("Data-Over-Cable Service Interface Specifications") is a specification that describes the operational parameters of equipment that is used for cable networks. Rembrandt alleges that DOCSIS-compliant equipment infringes the '631, '858, '819, and '903 patents.

### (c)  Related Litigations

There are currently eleven other lawsuits pending relating to one or more of the Rembrandt patents at issue here, including six lawsuits in the Eastern District of Texas and five lawsuits in the District of Delaware.[1]  Of the Delaware cases, four of the other suits

---

[1] In one of the recently-filed Texas lawsuits asserting the '903 patent, *Rembrandt Technologies, LP v. Charter Communications, Inc.* et al. (E.D. Tex. 2:06-cv-507), Defendant CoxCom has made a motion to transfer the case to the District of Delaware. That motion is likely to be fully briefed later this month.

relate to the '627 patent,[2] and the final one relates to the '903 patent.[3] Although this Court has not yet issued Notices of Scheduling Conferences in the five Delaware suits, it may be efficient for discovery to be coordinated in the related Delaware cases to some extent.

### (d) Additional Information Provided By Cablevision

Cablevision notes that none of the five patents in this action are related, and none of the patents cites to any of the others. The five asserted patents contain, in total, more than 100 claims. Although Rembrandt has not yet identified the claims that it asserts that Cablevision infringes, based upon Rembrandt's allegations in the Complaint and in other proceedings, Rembrandt may attempt to assert dozens of claims in this action. There are seven inventors named on the five patents; of those seven, there is only one "overlapping" inventor whose name appears on two of the five patents. In addition, the patents in suit involve disparate and complex technologies, will implicate unique infringement, validity, and enforceability issues, and are likely to involve different witnesses and other discovery.

## 3.  IDENTIFICATION OF ISSUES

The parties agree that the issues to be decided in this matter include at least the following:

1)  whether Cablevision has directly or indirectly infringed one or more claims of the Rembrandt patents literally or under the doctrine of equivalents;

2)  whether any infringement by Cablevision of any claims of the Rembrandt patents has been willful;

3)  whether any of the asserted claims of the Rembrandt patents are invalid;

---

[2]  *Rembrandt Technologies, LP v. CBS Corp.*, Case No. 06-727-GMS (D. Del.); *Rembrandt Technologies, LP v. NBC Universal, Inc.*, Case No. 06-729-GMS (D. Del.); *Rembrandt Technologies, LP v. ABC, Inc.*, Case No. 06-730-GMS (D. Del.); *Rembrandt Technologies, LP v. Fox Entertainment Group* et al., Case No. 06-731 (GMS) (D. Del.).

[3]  *CoxCom, Inc. v. Rembrandt Technologies, LP*, Case No. 06-721-GMS (D. Del.). Rembrandt has moved to dismiss CoxCom's Complaint for lack of subject matter jurisdiction.

4) whether Rembrandt's claims for damages are limited and/or barred under the doctrine of laches;

5) whether Rembrandt's enforcement of any of its patent rights is limited and/or barred under the doctrine of estoppel;

6) whether Rembrandt's enforcement of any of its patent rights is limited and/or barred due to the existence of any express or implied license and/or patent exhaustion;

7) whether Rembrandt's claims for damages are limited and/or barred by the patent notice statute (35 U.S.C. § 287(a));

8) whether Rembrandt's claims are limited and/or barred under the doctrines of patent misuse or unclean hands;

9) the damages to which Rembrandt is entitled if Cablevision is found to have infringed any valid and enforceable claim of the Rembrandt patents; and

10) whether Rembrandt is entitled to a permanent injunction enjoining Cablevision's alleged infringement of the Rembrandt patents.

**4.    NARROWING OF ISSUES**

The parties expect that they may be able to narrow the issues as discovery in this case proceeds.

**5.    RELIEF**

Rembrandt requests that this Court award Rembrandt damages adequate to compensate it for such infringement and enter a permanent injunction enjoining Cablevision from making, using, offering for sale and selling products that infringe the Rembrandt patents. According to Rembrandt, the appropriate measure of damages in this case is a reasonable royalty. Rembrandt further requests that the Court enter judgment against Cablevision declaring that Cablevision has infringed the Rembrandt patents and that Cablevision's conduct has been willful, and awarding Rembrandt treble damages sustained as a result of Cablevision's willful infringement.

Rembrandt also seeks recovery of attorney's fees and costs due to the exceptional nature of this case in accordance with 35 U.S.C. § 285.

Cablevision seeks declaratory judgments that each of the patents-in-suit is not infringed and/or invalid and/or unenforceable. Cablevision denies that Rembrandt is entitled to any relief. Cablevision also seeks attorney's fees and costs, due to the exceptional nature of this case, in accordance with 35 U.S.C. § 285.

### 6. AMENDMENT OF PLEADINGS

The parties are not aware of any amendments needed to the pleadings at this time, but reserve the right to amend their pleadings within the time period set forth in the schedule entered by the Court.

### 7. JOINDER OF PARTIES

The parties are not aware of any additional parties that should be joined in this action at this time. The parties, however, reserve the right to move to join parties, if appropriate, within the time period set forth in the schedule entered by the Court.

### 8. DISCOVERY

**Scheduling of Litigation Events.**

The parties' agreement as to the identification and timing of deadlines and events in this action is set forth for the Court's consideration in Exhibit A.

The parties are mindful of the Court's interest in proceeding expeditiously. The parties respectfully submit that the proposed schedule takes account of that interest and is necessary and appropriate, given the number and complexity of the issues raised by Rembrandt's patents, the technology, and the accused products. At present, Rembrandt believes that it will require discovery on at least the following issues:

A. the design, development, and operation of the accused products and services;

B. the identification of the asserted claim(s) and Cablevision's alleged

infringement of those claims;

C. documents, testimony, and expert opinion materials regarding, infringement, willful infringement, damages and damages amounts.

D. the factual basis for each party's claims, affirmative defenses, and counterclaims, including any opinion of counsel upon which any party intends to rely;

E. expert and third party discovery on the above-listed items.

At present, Cablevision believes that it will require discovery on at least the following additional issues:

F. the validity of the asserted claims and the enforceability of the asserted patents;

G. the conception and reduction to practice of the claimed inventions;

H. the prosecution of the patents at issue;

I. prior art relating to the technology covered by the patents;

J. Rembrandt and/or its predecessors-in-interest's participation in the standard-setting processes for the ATSC and/or DOCSIS standards;

**Limitations on Discovery.** Rembrandt and Cablevision propose that the parties limit discovery as follows:

1) **Fact Depositions.** At this stage of the case, the parties agree that the limitations of depositions contained in FRCP 30(a)(2)(A) should be modified as follows: each side shall be permitted to take a maximum of 175 hours of depositions by fact witnesses, including 30(b)(6) depositions. Unless otherwise agreed to by the parties, the deposition of an individual non-30(b)(6) witness is limited to one day of seven hours of actual examination. No deposition of any witness shall exceed seven hours of examination in a single day *provided*, however, that: (A) a deposition of an individual inventor shall not exceed fourteen hours over two days, unless that inventor is a named inventor on more than one patent in suit, in which the deposition of such individual inventor may continue for an additional seven

hours over an additional day for each patent in suit on which he or she is named in excess of one; and (B) there shall be no specific hour limit with respect to depositions conducted pursuant to FRCP 30(b)(6), and such depositions may proceed for as many hours as reasonably necessary.

2) In addition, Cablevision believes that no more than 75 of the 175 hours of fact depositions per side should be depositions of parties (i.e., depositions of Cablevision or Rembrandt employees). Rembrandt believes that there should be no such limitation and to the extent any limitation is necessary, it should be to third party discovery.

3) Requests for Admissions shall be limited to fifty (50) per side, excluding Requests for Admissions directed at authenticating documents; and

4) Interrogatories shall be limited to fifty (50) per side.

## 9. ESTIMATED TRIAL LENGTH

The parties estimate that the trial of this case will take a total of twelve (12) days. The parties propose that the trial be scheduled at the court's convenience, consistently with the proposed schedule set forth in Exhibit A.

## 10. JURY TRIAL

Both parties seek a jury trial on all issues that are so triable to a jury.

## 11. SETTLEMENT

The parties have not yet explored the possibility of settlement, but are willing to do so at the appropriate opportunity.

## 12. OTHER MATTERS

Because confidential information will have to be exchanged in this action, the parties agree that a protective order will be necessary and will attempt to agree on the form of such an order.

## 13. CONFIRMATION OF RULE 26(f) TELECONFERENCE.

Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| WOMBLE CARLYLE SANDRIDGE & RICE, PLLC | RICHARDS, LAYTON & FINGER, P.A. |

WOMBLE CARLYLE SANDRIDGE
 & RICE, PLLC

/s/ Kevin M. Baird_____
George Pazuniak (# 478)
Kevin M. Baird (# 4219)
James M. Lennon (# 4570)
AnnaMartina Tyreus (# 4771)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Tel:  (302) 252-4324
Fax:  (302) 661-7725
kbaird@wcsr.com

OF COUNSEL:
Timothy G. Barber
Womble Carlyle Sandridge & Rice, PLLC
One Wachovia Center
301 South College Street, Suite 3500
Charlotte, NC 28202-6037

John F. Morrow, Jr.
Womble Carlyle Sandridge & Rice, PLLC
One West Fourth Street
Winston-Salem, NC 27101

Barry S. Goldsmith
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, 4th Floor
Tysons Corner, VA 22182-2738

*Counsel for Plaintiff Rembrandt Technologies, LP*

February 9, 2007

RICHARDS, LAYTON & FINGER, P.A.

/s/ Frederick L. Cottrell, III_____
Frederick L. Cottrell, III
Kelly E. Farnan
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19899
farnan@rlf.com

Josh A. Krevitt (admitted *pro hac vice*)
JKrevitt@gibsondunn.com
Charles J. Boudreau (admitted *pro hac vice*)
CBoudreau@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
47th Floor
New York, NY  10166

David Segal (admitted *pro hac vice*)
DSegal@gibsondunn.com
Gibson, Dunn & Crutcher LLP
Jamboree Center
4 Park Plaza, Suite 1400
Irvine,  California  92614

Amanda Tessar (admitted *pro hac vice*)
atessar@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1801 California St., Suite 4200
Denver, CO 80202

*Counsel for Defendants Cablevision Systems Corporation, and CSC Holdings, Inc.*

**EXHIBIT A**

| Event | Proposed Dates |
|---|---|
| Initial disclosures (per Fed. R. Civ. P. 26). | February 28, 2007 |
| Parties to submit joint proposed protective order and form escrow agreement for source code. | February 28, 2007 |
| Parties to have held e-discovery conference. | May 30, 2007 |
| Parties to file all motions to join other parties or amend pleadings. | September 14, 2007 |
| Parties exchange lists of claim terms they believe are in dispute, together with their proposed constructions of those terms. | September 21, 2007 |
| Parties exchange all intrinsic support for their proposed claim constructions and exchange designations of items to be included in the joint appendix containing relevant prosecution history. | September 28, 2007 |
| Parties to file Final Joint Claim Chart with Court. | October 5, 2007 |
| Opening claim construction briefs of both parties. | October 19, 2007 |
| Responsive claim construction briefs and joint appendix due. | November 9, 2007 |
| Notice of reliance on advice of counsel as a defense to willful infringement, production of opinion(s) of counsel. | November 16, 2007 |
| Proposed Markman Hearing. | Subject to Court's convenience, parties propose date between November 30-December 6, 2007 |
| Fact discovery cutoff (all discovery requests must be served so as to be completed by this date). | February 29, 2008 |
| Opening expert reports on issues for which a party bears the burden of proof. | March 14, 2008 |
| Responsive expert reports. | March 28, 2008 |
| Last day for expert depositions. | April 11, 2008 |
| Letters to Court identifying potential summary judgment motions. | |
| Opening Letter Brief. | March 28, 2008 |
| Answering Letter Brief. | April 4, 2008 |

2

| Event | Proposed Dates |
|---|---|
| Reply Letter Brief. | April 11, 2008 |
| Status conference. | April 18, 2008 |
| Last day to file dispositive motions (if permitted by Court). | May 9, 2008 |
| Last day to file oppositions on dispositive motions. | May 23, 2008 |
| Last day to file reply briefs on dispositive motions. | May 30, 2008 |
| Pretrial Order. | Two months before Trial |
| Last day to file motions in limine. | Two months before Trial |
| Last day to file oppositions on motions in limine. | Two weeks after filing of motions in limine |
| Last day to file reply briefs on motions in limine. | Three weeks after filing of motions in limine |
| Proposed Pretrial Conference. | One month before Trial |
| Proposed Trial Date. | |