

**WOMBLE
CARLYLE
SANDRIDGE
& RICE**

A PROFESSIONAL LIMITED
LIABILITY COMPANY

222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Phone: (302) 252 – 4320
Fax: (302) 252 - 4330
Web Site: www.wcsr.com

Kevin M. Baird
Attorney
Direct Dial: (302) 252-4324
Direct Fax: (302) 661-7724
E-mail: KBaird@wcsr.com

March 22, 2007

**VIA E-FILING**

The Honorable Gregory M. Sleet
United States District Court for
The District of Delaware
844 North King Street
Wilmington, DE 19801

    Re:    *Rembrandt Technologies, LP v. Cablevision Systems Corp. and CSC Holdings, Inc.*, C.A. No. 06-635 (GMS)

Dear Judge Sleet:

    We represent Plaintiff Rembrandt Technologies, LP in the above-captioned matter and respectfully oppose the suggestion that this case against Cablevision Systems and CSC Holdings ("Cablevision") (C.A. No. 06-635) be coordinated or consolidated with Case Nos. 06-727, 06-729, 06-730 and 06-731 ("Broadcaster cases"), as proposed by Jack Blumenfeld in his letter of March 21, 2007 and David Moore in his letter filed earlier today.

    Such consolidation or coordination will only increase logistical difficulties and slow down the case, without any countervailing benefit. First, this case has already progressed, with discovery exchanged, a protective order being negotiated, and a generally agreed upon Joint Status Report prepared and filed. We are meeting with the Court on Monday, March 26, for a Scheduling Conference. The Broadcaster cases, on the other hand, have not even begun. Requiring coordination with the Broadcaster's cases will delay and interfere with the progress that has been made is continuing to be made.

    Second, although the same U.S. Patent No. 5,243,627 ("the '627 patent") is involved in all the cases, the cases differ significantly. The Broadcaster cases are against ABC, NBC, CBS and FOX, in which Rembrandt alleges that Defendants infringe the *transmission* Claims of the patent. This Cablevision case involves *reception*, not transmission Claims of the '627 Patent. With different claims involved, both the infringement and validity issues will differ between the two cases. Thus, different technology and different patent issues are present here, as opposed to the Broadcaster cases. Not only does the technology differ and present different Claims for infringement and validity consideration in this case versus the Broadcaster cases, but the damage

issues will differ significantly.  Cablevision operates in a different market than do the broadcasters, presenting unique *Georgia-Pacific* issues.

Third, coordination or consolidation will not only delay this case, but will require both Plaintiff and the Defendants to coordinate all the discovery – including the four other patents involved in this case – with the broadcaster parties and their counsel, when there is very little, if any, overlap in the discovery.  Requiring coordination with companies and counsel who have no interest in the reception claims and no interest in the cable modem patents here involved will burden the parties and impose the broadcasters on this case, without any evidence of any benefit that would result from that additional burden.

For the above reasons, this Cablevision case should not be coordinated with the Broadcaster cases.  Consolidation of the cases will only complicate this Cablevision case by introducing additional parties and issues, without providing any offsetting benefit.

Respectfully Submitted,

*/s/ Kevin M. Baird*

Kevin M. Baird (# 4219)

cc:   Clerk of Court (via Hand Delivery)
      Steven J. Balick, Esq. (via E-mail)
      Frederick L. Cottrell, Esq. (via E-mail)
      Richard L. Horowitz, Esq. (via E-mail)
      David E. Moore, Esq. (via E-mail)
      Jack B. Blumenfeld, Esq. (via E-mail)
      Edward R. Reines, Esq. (via E-Mail)
      William W. Oxley, Esq. (via E-Mail)
      William L. Anthony, Jr., Esq. (via E-Mail)
      John F. Sweeney, Esq. (via E-mail)